# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-273 |
| v. | |
| DOLLAR TREE, INC., | |
| Defendant. | |

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-50 |
| v. | |
| DOLLAR TREE DISTRIBUTION, INC., | |
| Defendant. | |

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-118 |
| v. | |
| DOLLAR TREE DISTRIBUTION, INC., | |
| Defendant. | |

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>      Defendant. | CIVIL ACTION NO.: 4:23-cv-171 |
| MALIK JA'RELLE WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>      Defendant. | CIVIL ACTION NO.: 4:23-cv-266 |

**O R D E R**

The Magistrate Judge's July 17, 2023 Report and Recommendation, which was entered in three of the above-captioned cases, explained that the procedural history of pro se plaintiff Malik Ja'relle Williams' actions is "remarkable." Williams v. Dollar Tree, Inc., 4:22-cv-273, doc. 16, p. 2 (S.D. Ga. July 17, 2023).[1]  As the Magistrate Judge recited:

> In July 2022, Williams filed a Complaint against Dollar Tree Inc.  *See* CV422-174, doc. 1 (S.D. Ga. July 21, 2022).  The factual allegations described his exposure to rodents during the course of his employment and resultant illness he allegedly suffered.  *See id.* at 4.  He requested "Four Billion Dollars in punitive damages." *Id.* at 5.  He subsequently voluntarily dismissed that case.  *See* CV422-174, doc. 13 (S.D. Ga. Oct. 6, 2022), doc. 16 (S.D. Ga. Oct. 18, 2022).
>
> Approximately one month after the District Judge dismissed that case, Williams filed a virtually identical case.  *See* CV422-273, doc. 1 (S.D. Ga. Nov. 15, 2022). Defendant moved to dismiss, CV422-273, doc. 8, and Williams only responded to that motion after prompting by the District Judge, *see* CV422-273, docs. 11 & 12.

---

[1] The Magistrate Judge's Report and Recommendation was entered in three of Williams' five cases, 4:22-cv-273, 4:23-cv-050, and 4:23-cv-118.  For clarity, the Court cites only to the docket in 4:22-cv-273 unless otherwise noted.

2

> Notably, Williams' response was filed approximately two weeks after the extended deadline for that response set by the District Judge. *See* CV422-273 doc. 11 (noting plaintiff's failure to timely respond to the original motion and directing him to respond within fourteen days of January 30, 2023), doc. 12 (filed February 28, 2023). Williams acknowledged his failure to timely respond and indicated he "will be applying another case." CV422-273, doc. 12 at 1.
>
> True to his word, Williams filed his third case the day before he responded to the District Judge's Order. *See* CV423-050, doc. 1 (S.D. Ga. Feb. 27, 2023). Defendant, again, moved to dismiss. Doc. 11. Williams responded. CV423-050, doc. 13 (S.D. Ga. April 4, 2023). Williams moved to amend the Clerk's designation of the nature of the case. *See* CV423-050, doc. 15 (S.D. Ga. April 11, 2023). Defendant opposed "on the grounds that [his request] is futile . . . ." CV423-050, doc. 16 at 1 (S.D. Ga. April 24, 2023). Defendant then moved to stay discovery pending disposition of its Motion to Dismiss. CV423-050, doc. 18 (S.D. Ga. May 3, 2023). Williams has not responded, *see generally* docket, but his time to do so has not yet expired, *see, e.g.*, S.D. Ga. L. Civ. R. 7.5.
>
> Undeterred by the pendency of his two prior cases, Williams has filed another. *See* CV423-118, doc. 1 (S.D. Ga. May 2, 2023). Although the Clerk issued a summons directed to Dollar Tree Distribution, Inc., doc. 5 (S.D. Ga. May 9, 2023), there is no indication that service has been effected, *see generally* docket. . . . .

(Id., pp. 2-3.) The Magistrate Judge recommended all three cases be dismissed for Williams' failure to respond to an Order to show cause why they should not be consolidated. (Id., pp. 4-5.) Williams did not respond to that recommendation in any of the three cases. See generally 4:22-cv-273, 4:23-cv-050, and 4:23-cv-118. Dollar Tree's response to the Report and Recommendation is discussed below.

The Magistrate Judge also noted that Williams had filed yet another case against Dollar Tree. (4:22-cv-273, doc. 16, p. 5 n. 1); see also Williams v. Dollar Tree, Inc., 4:23-cv-171, doc. 1 (S.D. Ga. June 23, 2023). Dollar Tree moved to dismiss that Complaint. 4:23-cv-171, doc. 6 (S.D. Ga. Aug. 2, 2023). Williams has failed to respond to that Motion. See LR 7.5 (providing a fourteen-day response period for motions). Despite Williams' failure to respond to the Motion to Dismiss, he participated in a scheduling conference with Dollar Tree's counsel, pursuant to Federal Rule 26(f). (See doc. 9.) After defendant's counsel filed the 26(f) report, Williams filed,

3

inexplicably, a proof of service, (doc. 10), and a "notice" objecting to Dollar Tree's alleged refusal to "sign" the 26(f) report, (doc. 11). Finally, Williams filed yet another Complaint against Dollar Tree. Williams v. Dollar Tree, Inc., 4:23-cv-266, doc. 1 (S.D. Ga. Sept. 18, 2023). Williams' most recent Complaint, again, ambiguously alleges injuries resulting from exposure to rodents present in Dollar Tree facilities. (See 4:23-cv-266, doc. 1 at 4). As in his prior complaints, the most recent seeks "punitive damages" in the tens of billions of dollars. (Id. (seeking twenty-five billion dollars in punitive damages)); see also, e.g., 4:23-cv-171, doc. 1, p. 5 (S.D. Ga. June 23, 2023) (seeking fifteen billion dollars in punitive damages). Cf. 4:23-cv-171, doc. 9, pp. 3-4 (S.D. Ga. Sept. 15, 2023) (asserting that fifteen-billion-dollar damages claim "is not reasonable."). If the procedural history of these cases was "remarkable" before, it now strains credulity.

Dollar Tree, Inc. and Dollar Tree Distribution, Inc. (collectively "Dollar Tree") filed a "Limited Objection" to the Magistrate Judge's Report and Recommendation. (4:22-cv-273, doc. 17.) Dollar Tree agrees that dismissal is appropriate, but requests that the cases be dismissed with prejudice based on Williams' bewildering litigation conduct. (Id., p. 3.) Dollar Tree also asserts that Williams' penultimate case against it is, if not identical to his three prior complaints, substantially the same. (Id., p. 3 n. 1.) Regardless of how closely related it is to the three prior cases, Williams' apparent abandonment of it in the face of Dollar Tree's Motion to Dismiss subjects it to dismissal under Federal Rule 41(b), like the three prior cases. See, e.g., Anderson v. Augustin, 2020 WL 7873059 (S.D. Ga. Dec. 8, 2020), adopted 2021 WL 27304 (S.D. Ga. Jan. 4, 2021). As explained below, the Court agrees with Dollar Tree that "a dismissal with prejudice [of all four cases does] not constitute an overly punitive sanction where Plaintiff has repeatedly demonstrated that he does not intend to follow the Court's Orders, Court rules, or to pursue any one action to its conclusion." (Doc. 17, p. 4.) Dollar Tree's contention was facially plausible,

based on the three cases addressed by the Magistrate Judge, it strengthened when Williams failed to respond to another Motion to Dismiss, but his most recent complaint renders it compelling.

As the Magistrate Judge's Report and Recommendation explained, "[t]his Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders," and failed to prosecute their cases.  (Doc. 16, p. 4 (citing, inter alia, Fed. R. Civ. P. 41(b); LR 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  To be sure, dismissal with prejudice pursuant to Rule 41(b), "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005).  The procedural history recited above is a "clear pattern of delay" in litigating Williams' claims on their merits.  The repeated failure to follow directions from the Court, coupled with Williams' continued filing of repetitive cases, establish that no sanction less than dismissal with prejudice will suffice to put a stop to Williams' conduct.  However, it is not clear that even dismissal with prejudice is sufficient to address Williams' pattern of conduct.

Although Williams' serial litigation against Dollar Tree merits dismissal of those claims with prejudice, it is also part of a larger pattern.  Including his most recently filed case, 4:23-cv-266, he has filed eleven cases in this Court.  All of them have been dismissed based on his failure to serve defendants, failure to obey court orders, failure to prosecute, and failure to state a claim, if not outright frivolity.[2]  "Federal courts have both the inherent power and the constitutional

---

[2] See Williams v. Averitt Express, 4:21-cv-016, doc. 5 (S.D. Ga. Aug. 30, 2021) (recommending dismissal for failure to serve defendant and failure to comply with the Court's Order), adopted doc. 6 (S.D. Ga. Nov. 3, 2021); Williams v. Huseth, 4:21-cv-124, doc. 17 (S.D. Ga. Jan. 28, 2022) (recommending dismissal for failure to serve, failure to respond to motions to dismiss, and failure to respond to Court Order), adopted doc. 18 (S.D. Ga. Mar. 3, 2022); Williams v. City of Savannah, 4:21-cv-170, doc. 17 (S.D. Ga. Jan. 28, 2022) (recommending dismissal for failure to serve and failure to state a claim, and noting argument that

obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. [Cit.] . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (citations omitted). Williams' serial filing and subsequent abandonment of his cases imposes precisely the kind of unnecessary burden that impedes this Court's ability to address other cases. Although Williams paid the filing fee in all of his cases, as the Magistrate Judge observed in one of Williams' other cases, a plaintiff does not "by payment of a filing fee, obtain a license to consume limited judicial resources . . . ." 4:22-cv-217, doc. 4 at 3 (S.D. Ga. Sept. 19, 2022) (quoting Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd 41 F.3d 1500 (Table) (2d Cir. 1994)). This Court must, therefore, take steps to ensure that Williams does not continue his imposition on its resources.

After a careful de novo review of the entire record in all of Williams' cases, the Court concurs with the Magistrate Judge's July 17, 2023 Report and Recommendation, as modified above. See 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations by the magistrate judge."). It is, therefore, **ADOPTED**. (4:22-cv-273, doc. 16; 4:23-cv-050, doc. 24; 4:23-cv-118, doc. 11.) Additionally, the Court finds that Williams' litigation of these cases evidences a clear pattern of delay and willful disregard of the Court's Orders and no sanction less than dismissal with prejudice suffices to deter further misconduct. Cf. Betty K Agencies, Ltd., 432 F.3d at 1338. Accordingly, the Court

---

action was plausibly duplicative of 4:21-cv-124), adopted doc. 18 (S.D. Ga. Mar. 3, 2022); Williams v. City of Savannah, 4:21-cv-272, doc. 22 (S.D. Ga. June 23, 2022) (dismissing claims as barred by res judicata, for failure to state a claim, and directing repleading of shotgun complaint), doc. 24 (S.D. Ga. Oct. 11, 2022) (dismissing remaining claims for Williams' failure to comply with the Court's Order); Williams v. Dollar Tree, 4:22-cv-174, doc. 16 (S.D. Ga. Oct. 19, 2022) (dismissing case, based on Plaintiff's Notice of Voluntary dismissal, after Defendant Dollar Tree moved to dismiss); Williams v. U.S. Equal Employment Opportunity Commission, 4:22-cv-217, doc. 4 (S.D. Ga. Sept. 19, 2022) (recommending dismissal of complaint as frivolous), adopted doc. 6 (S.D. Ga. Dec. 20, 2022).

**DISMISSES WITH PREJUDICE** cases 4:22-cv-273, 4:23-cv-050, 4:23-cv-118. Notwithstanding that it appears that Williams wishes to pursue Case No. 4:23-cv-171, his failure to respond to the Motion to Dismiss, given the totality of his conduct, merits dismissal too. Cf. Fed. R. Civ. P. 41(b). Accordingly, 4:23-cv-171, is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all motions that remain pending in those cases as moot and **CLOSE** cases 4:22-cv-273, 4:23-cv-050, 4:23-cv-118, and 4:23-cv-171.

As the Eleventh Circuit explained in Procup, various methods have been adopted to curtail vexatious litigation. 792 F.2d at 1072. The court cautioned, however, that "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a [party's] constitutional right of access to the court." Id. In order to determine whether the above dismissals of his cases, with prejudice, is, alone, sufficient to deter Williams' vexatious filing, the Court will afford him an opportunity to respond. No later than sixty days from the date of this Order, Williams is **DIRECTED** to respond and **SHOW CAUSE** why he should not be subject to restrictions on any future cases he files in this Court. The Clerk is **DIRECTED** to docket Williams' response, if any, in Case No. 4:23-cv-266. In responding to this direction, Williams must explain his filing of multiple complaints relating to the same events, his failure to respond to motions, and what steps he takes, prior to filing, to ensure that the claims asserted are not frivolous or legally defective. The Court **REFERS** this matter to the United States Magistrate Judge assigned to this case. The Magistrate Judge is **DIRECTED** to consider Williams' response to this Order, evaluate his prior pleadings in all of his cases to determine whether any of them failed to state a claim upon which relief could be granted or were frivolous, and, based upon the totality of Williams' conduct recommend any appropriate restrictions on his future filings for consideration by the undersigned. See, e.g., 28 U.S.C. § 636(b)(1). To the extent that Williams

7

effects service of his Complaint in Case No. 4:23-cv-266 upon Dollar Tree, any and all deadlines in that case are **STAYED**, pending the determination of any recommended restrictions.

**SO ORDERED**, this 19th day of September, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA